**Saul Emilio GONZALEZ, Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK, New York City Police Department, New York County District Attorney's Office, Office of the Special Narcotics Prosecutor for County of New York, Robert**

Silbering, Lizette Aponte–Schroeder, James Roldos, Investigator Berkley and Livia Rodriguez, Defendants–Appellees.

No. 02–7300.

United States Court of Appeals, Second Circuit.

June 3, 2003.

Frederick K. Brewington, Law Offices of Frederick K. Brewington, Hempstead, N.Y., for Appellant.

Kristin M. Helmers, Assistant Corporation Counsel, (Michael A. Cardozo, Corporation Counsel of the City of New York, Alan G. Krams, Assistant Corporation Counsel, on the brief), New York, N.Y., for Appellees.

PRESENT: MCLAUGHLIN, LEVAL, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

Plaintiff-appellant Saul Emilio Gonzalez appeals from a judgment of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Judge*), granting summary judgment in favor of defendants-appellees on all of appellant's federal claims, and declining supplemental jurisdiction over appellant's state-law claims. On May 28, 1997, appellant was arrested pursuant to a valid warrant for Ramon Perez, based on the mistaken belief that he was, in fact, Ramon Perez. He spent twenty-four days in prison while a series of fingerprint analyses were conducted, all of which demonstrated that appellant was not Ramon Perez. After the fourth fingerprint analysis was completed and exonerated appellant, the prosecutor, Livia Rodriguez, consented to his release. Appellant brought suit against Rodriguez, investigators in the prosecutor's office, and various municipal entities, alleging violation of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. §§ 1983, 1985, and 1986.

Appellant alleges three violations of his constitutional rights: his initial arrest, the investigators' failure to investigate his identity immediately after his arrest, and his unreasonably long detention. We find no constitutional violation with respect to the first two actions, and, assuming arguendo that the third action violated appellant's constitutional right to due process, find that appellees are not liable for the violation. We therefore affirm the judgment of the district court.

■ First, appellant argues that his initial arrest was unlawful, because the investigators who arrested him could not reasonably have believed that he was Ramon Perez. A mistaken arrest based on a facially valid warrant does not violate the Fourth Amendment if the officers reasonably mistook the arrestee for the person

named in the warrant. *See Hill v. California*, 401 U.S. 797, 804, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971). Before arresting appellant, the investigators knew that two computer searches based upon appellant's name and birth date returned information on Ramon Perez, who used the alias "Saul Gonzalez." The investigators also used a computer matching program to find that Ramon Perez's 1987 arrest photograph and appellant's department of motor vehicles photograph were very similar. Based on this information, it was reasonable for the investigators to believe that appellant was Ramon Perez. Whatever contradictory evidence may have been available to the investigators was insufficient to negate this reasonable belief. We therefore find that appellant's arrest was lawful.

■ Second, appellant argues that the investigators violated the Fourth Amendment by failing to investigate appellant's identity immediately after his arrest. There is no evidence that appellant protested his mistaken identity to the officers, or to anyone, before his appearance in court on June 3, 1997. Nor is there any evidence that the investigators had reason to believe that appellant was not Perez, except for what was known to them before the lawful arrest. The district court properly held that this portion of appellant's claim fails.

Third, appellant argues that the City of New York and individual defendants Livia Rodriguez, James Roldos, and Omar Brinkley are responsible for the violation of appellant's due process rights based upon his prolonged detention. Assuming arguendo that appellant's prolonged detention violated his constitutional right to due process, we find that none of the appellees can be held liable for the violation.

■ Appellant asserts that the district court erred in holding that Rodriguez was entitled to absolute immunity for her role in appellant's continued detention. A prosecutor is entitled to absolute immunity when acting in her capacity as an advocate, but only qualified immunity when acting in an investigative role. *See Barbera v. Smith*, 836 F.2d 96, 99–101 (2d Cir.1987). Appellant points to Rodriguez's investigation into his identity, specifically, the fingerprint analyses that she ordered. Appellant's prolonged detention was not caused by these fingerprint analyses, however; it was caused by the state court judge accepting Rodriguez's arguments in court, on several occasions, that the evidence suggested appellant was Ramon Perez, despite the growing number of fingerprint analyses that strongly suggested otherwise. As the district court stated: "Gonzalez was deprived of his liberty not as a result of the fingerprinting, but rather as a result of, *inter alia*, Rodriguez's presentation and arguments to the Court." Because Rodriguez was acting in her quintessential role as an advocate, arguing in court, she is entitled to absolute immunity for her actions and cannot be held liable for appellant's prolonged detention.

■ For the same reason, appellant's due process claim against investigators James Roldos and Omar Brinkley fails. Appellant argues that the district court should not have granted summary judgment in favor of Roldos and Brinkley because their fingerprinting of appellant aided Rodriguez in her investigation of appellant's identity. As the fingerprinting did not cause appellant's prolonged detention, Roldos and Brinkley had no personal involvement in the detention, and therefore cannot be held liable for it. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994).

■ Fourth, appellant argues that the district court erred in finding that the City of New York was not liable for any consti-

tutional violation based upon the City's failure to train its personnel in proper identification techniques. To prevail on his failure-to-train theory of liability, appellant must demonstrate a direct causal link between the City of New York's failure to train its personnel and his prolonged detention. *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir.1992). Appellant fails to do so, pointing only to the City's concession that it does not train its personnel in dealing with claims of mistaken identity. Standing alone, this does not provide the necessary causal link between the City's policy and appellant's prolonged detention. Appellant's due process claim against the City fails.

■ Finally, we find no abuse of discretion in the district court's decision not to hold a Fed.R.Civ.P. 43(e) hearing, or in its decision to deny appellant's request for further discovery, which it treated as a motion under Fed.R.Civ.P. 56(f). The record demonstrates that the parties agreed that there were no issues to resolve in a Fed.R.Civ.P. 43(e) hearing, and that appellant failed to explain what additional discovery he sought and how that discovery would create a genuine issue of material fact in the case.

For the reasons set forth above, the judgment of the district court is AFFIRMED.